Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| BEATRIZ ÁVILA CHAMPANA Y CARMEN IVETTE MOJICA GUZMÁN<br><br>Apeladas<br><br>v.<br><br>MAYRA RAMÍREZ DE ARELLANO CARLO; PASEO HOMEOWNER ASSOCIATION, INC. Y OTROS<br><br>Apelantes | TA2025AP00293 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2025CV05854<br><br>Sobre: *Injunction* (Entredicho Provisional, *Injunction* Preliminar y Permanente) |

Panel integrado por su presidente, el Juez Pagán Ocasio[1], el Juez Rodríguez Flores y la Jueza Díaz Rivera

Rodríguez Flores, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de octubre de 2025.

El 24 de julio de 2025, el Tribunal de Primera Instancia (TPI, foro primario o foro apelado), Sala Superior de San Juan, pronunció una *Sentencia Parcial*, notificada y archivada en autos el 29 de julio de 2025.[2] Mediante esta determinación, el foro primario desestimó la solicitud de *injunction* preliminar y permanente incoada por las señoras Beatriz Ávila Champana (señora Ávila) y Carmen Ivette Mojica Guzmán (señora Mojica) (en conjunto, apeladas). El TPI resolvió que las apeladas tenían a su haber un remedio adecuado en ley para adjudicar su reclamo, mediante la acción de sentencia declaratoria, por lo que ordenó el traslado del caso a una sala ordinaria de asuntos de lo civil.

[1] Mediante la Orden Administrativa OATA-2025-196 del 9 de octubre de 2025, debido a la inhibición de la Hon. Sol de Borinquen Cintrón Cintrón, se designa en sustitución al Hon. Ángel R. Pagán Ocasio.
[2] *Sentencia Parcial*, SUMAC en el caso SJ2025CV05854, entrada 38.

A su vez, el foro apelado se negó a desestimar por falta de parte indispensable la demanda sobre sentencia declaratoria instada por las apeladas en contra de Paseo Homeowners Association, Inc. (PHA o apelante) y la señora Mayra Ramírez de Arellano (señora Ramírez). Por tanto, autorizó la *Demanda Enmendada*[3] para incluir como parte codemandada a Paseos Las Vistas Homeownwers Association, Inc.

Mediante el recurso de apelación incoado el 28 de agosto de 2025, PHA solicita que revoquemos la denegatoria del TPI a desestimar la causa de acción por falta de parte indispensable y permitir la *Demanda Enmendada*.[4]

El 26 de septiembre de 2025, las apeladas presentaron su *Oposición a Recurso de Apelación*.

Examinados los escritos a la luz del derecho aplicable y por los fundamentos que expondremos a continuación, se confirma la *Sentencia Parcial* apelada.

**I.**

El 26 de junio de 2025, la señora Ávila y la señora Mojica presentaron una *Demanda* contra la señora Ramírez.[5] Arguyeron que la señora Ramírez ocupaba ilegalmente el cargo de presidenta de PHA desde su elección el 21 de octubre de 2024, debido a que esta no era la titular registral, según había representado, de una propiedad en alguna de las urbanizaciones de Los Paseos; esto contravenía las disposiciones establecidas en los estatutos de PHA y en las condiciones restrictivas regentes sobre el complejo residencial. Por ello, las apeladas solicitaron la destitución de la señora Ramírez, la declaración de nulidad de las actuaciones llevadas a cabo durante su presidencia por ser *ultra vires*, la

---

[3] *Demanda Enmendada, Íd.,* entrada 34.
[4] *Apelación,* SUMAC-TA en el recurso TA2025AP00293, entrada 1.
[5] *Demanda,* SUMAC en el caso SJ2025CV05854, entrada 1.

realización de una auditoría forense de los fondos manejados por el apelante, el cese de las represalias impuestas en su contra, y la imposición de costas y honorarios por temeridad.

El 26 de junio de 2025, el foro primario emitió una orden y citación para una vista de entredicho preliminar a celebrarse el 23 de julio de 2025.[6] Ulteriormente, las apeladas presentaron el 11 de julio de 2025 una versión enmendada de la demanda en la cual se incluía a PHA como codemandada.[7]

El 22 de julio de 2025, PHA presentó una solicitud de desestimación por falta de partes indispensables.[8] Alegó que su Junta de Directores está compuesta por los representantes electos de once asociaciones vecinales con personalidad jurídica propia. Así, como la señora Ramírez fue electa por el mencionado cuerpo, su destitución perjudicaría los derechos de cada una, especialmente de la asociación ligada a la urbanización Las Vistas, debido a que también fungía como su representante. Asimismo, arguyó que no procedía la concesión de un interdicto preliminar porque no se había demostrado la existencia de un daño irreparable, la ausencia de otro remedio en ley o la probabilidad de prevalecer en los méritos.

Similarmente, el 23 de julio de 2025, la señora Ramírez presentó un petitorio de desestimación.[9] Además de reiterar los argumentos presentados por PHA, en síntesis, alegó que la reclamación incoada por la señora Ávila y la señora Mojica no justificaba la concesión del remedio extraordinario pretendido.

Tras la celebración de la vista de *injunction* preliminar el 23 de julio de 2025, el foro apelado concluyó que Paseo Las Vistas Homeowners Association, Inc. constituía una parte indispensable,

---

[6] *Orden y Citación sobre Injunction Preliminar, Íd.*, entrada 4.
[7] *Demanda Enmendada, Íd.*, entrada 11.
[8] *Solicitud para la Desestimación de la Demanda Enmendada por Ausencia de Partes Indispensables, Íd.*, entrada 25.
[9] *Moción de Desestimación y Memorando en Oposición a Expedición de Injunction Preliminar y Permanente, Íd.*, entrada 29.

por lo cual le concedió un término de 24 horas para que las señoras Ávila y Mojica se expresaran sobre el asunto antes de adjudicar las mociones dispositivas presentadas ante su consideración.[10]

En respuesta a ello, las apeladas se opusieron a los petitorios dispositivos e incluyeron a Paseo Las Vistas Homeowners Association, Inc. como codemandada mediante una enmienda a la demanda.[11] Argumentaron que la Junta de Directores de PHA es quien selecciona al presidente de su asociación. Además, enfatizaron que la médula de la controversia era la determinación de la legitimidad de la ocupación del cargo presidencial y representativo por la señora Ramírez. Asimismo, arguyeron que el remedio interdictal era procedente y necesario para evitar los daños irreparables que implicaba el hecho de que una persona que no es titular continúe ejerciendo un puesto no autorizado.

Así, el 24 de julio de 2025, el TPI dictaminó una *Sentencia Parcial* mediante la cual determinó que no procedían los remedios interdictales solicitados por las señoras Ávila y Mojica y, consecuentemente, desestimó la causa de acción de *injunction* preliminar y permanente.[12] Sin embargo, el foro apelado denegó la solicitud de desestimación de la demanda tras concluir que no se estableció "con toda certeza que las codemandantes no tienen derecho a remedio alguno bajo cualquier estado de derecho que pueda ser probado en apoyo a su reclamación".[13] Por tanto, el TPI autorizó la *Demanda Enmendada*[14] para incluir como parte codemandada a Paseos Las Vistas Homeowners Association, Inc. y ordenó[15] la expedición de los correspondientes emplazamientos.

---

[10] *Minuta, Íd.,* entrada 32.
[11] *Oposición a Mociones Solicitando Desestimación Presentadas por Paseo Homeowners Association, Inc. y Mayra Ramírez de Arellano, e Informando Enmienda a la Demanda, Íd.,* entrada 33.
[12] *Sentencia Parcial, Íd.,* entrada 38.
[13] *Íd.,* pág. 13.
[14] *Demanda Enmendada, Íd.,* entrada 34.
[15] *Orden, Íd.,* entrada 36.

Además, enfatizó que "este Tribunal no se expresará en este momento sobre si deben incluirse las demás asociaciones de Paseos, toda vez que las partes codemandadas no han tenido la oportunidad de expresarse en cuanto a los remedios actualmente vigentes. Esta determinación habrá de dilucidarse dentro del curso ordinario del proceso".[16] A tenor con lo resuelto, el TPI ordenó el traslado del caso a una sala ordinaria de asuntos de lo civil.

Inconforme con la negativa del foro apelado a desestimar la demanda, PHA presentó un recurso de apelación ante esta Curia el 28 de agosto de 2025 y apuntaló que el foro primario incidió en lo siguiente:[17]

> Erró el Tribunal de Instancia Sala de San Juan en no desestimar la reclamación de epígrafe por falta de acumulación de parte indispensable, conforme a la Regla 10.2(6) de Procedimiento Civil, según las solicitudes que se desprenden de la propia demanda.

En su recurso, el apelante reitera los argumentos esbozados ante el TPI.

En la *Oposición a recurso de Apelación,* las apeladas expusieron que procedía confirmar la *Sentencia Parcial* apelada por entender que el foro apelado puede adjudicar de manera definitiva la controversia sin incluir partes adicionales.

**II.**

**A.**

Las alegaciones son los escritos mediante los cuales las partes presentan los hechos en que apoyan o niegan sus reclamaciones o defensas. Su propósito es notificar a grandes rasgos cuáles son las reclamaciones y defensas de las partes.

Cualquier alegación mediante la cual una parte solicite un remedio —como, por ejemplo, una demanda— incluirá una relación sucinta y sencilla de los hechos que demuestren que procede el

---

[16] *Íd.*
[17] *Apelación,* SUMAC-TA en el recurso TA2025AP00293, entrada 1.

remedio solicitado y la petición del remedio que se alega debe concederse. Corresponde a la parte contra la cual se reclama —el demandado— presentar una alegación responsiva mediante la cual admita o niegue las aseveraciones en que descanse la parte contraria. Además de negar o admitir las alegaciones, el demandado deberá incluir en su contestación sus defensas contra cada reclamación interpuesta junto con una relación de hechos demostrativos de que le asisten tales defensas.

Entre las defensas que un demandado puede plantear, se encuentran las afirmativas. Mediante una defensa afirmativa, la parte a la cual le corresponde responder a una alegación afirma hechos que, "de ser ciertos, derrotan el reclamo del demandante, incluso si todas las alegaciones del demandante fueron aceptadas como correctas".[18] Es decir, las defensas afirmativas son aquellas que principalmente comprenden materia de naturaleza sustantiva o materia constitutiva de excusa por la cual el demandado no deba responder a las reclamaciones presentadas en su contra.

La Regla 6.3 de las de Procedimiento Civil enumera las defensas afirmativas y prescribe las consecuencias de no invocarlas oportunamente, se entenderán renunciadas.[19]

De igual modo, la Regla 10.2 de las de Procedimiento Civil reconoce las defensas de hecho y derecho contra una reclamación. Estas solo pueden ser levantadas por las partes.[20] La Regla 10.2 de las de Procedimiento Civil, *supra*, viabiliza que un demandado solicite la desestimación de la causa de acción en su contra, antes de contestarla, si de las alegaciones de la demanda surge claramente que alguna de las defensas afirmativas derrotará la pretensión de la

---

[18] *Conde Cruz v. Resto Rodríguez*, 205 DPR 1043, 1063 (2020) (citando a R. Hernández Colón, *Derecho procesal civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 290).
[19] 32 LPRA Ap. V, R. 6.3.
[20] 32 LPRA Ap. V, R. 10.2.

parte demandante.[21] Particularmente, esta regla enumera las siguientes defensas: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio, y (6) dejar de acumular una parte indispensable.[22]

Ante una solicitud de desestimación bajo la Regla 10.2 de las de Procedimiento Civil, el tribunal ha de tomar como ciertos todos los hechos claros y concluyentes bien alegados en la demanda.[23] Asimismo, el tribunal deberá evaluar si la demanda es suficiente para constituir una reclamación válida, luego de interpretar las alegaciones, conjunta y liberalmente, de la forma más favorable a la parte demandante, y resolviendo toda duda a su favor.[24]

Cabe destacar que, la desestimación de una demanda no procede a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que pueda ser probado en apoyo a su reclamación. En ese sentido, nuestro más Alto Foro ha establecido que, una solicitud de desestimación al amparo de la Regla 10.2 de las de Procedimiento Civil, *supra,* va dirigida hacia los méritos de la controversia, no a aspectos procesales del caso.[25]

Finalmente, el Tribunal Supremo expresamente ha advertido que "nuestro sistema de derecho es rogado, por tal razón, exceptuando la defensa sobre falta de jurisdicción sobre la materia, los tribunales *sua sponte* no pueden levantar defensas afirmativas a

---

[21] *Costas Elena y otros v. Magic Sport Culinary Corp. y otros,* 213 DPR 523 (2024); *Eagle Security v. Efrón Dorado, et al.*, 211 DPR 70, 83 (2023).
[22] 32 LPRA Ap. V, R. 10.2; *Díaz Vázquez et al. v. Colón Peña et al.,* 214 DPR 1135 (2024); *Blassino, Reyes v. Reyes Blassino,* 214 DPR 823 (2024).
[23] *Díaz Vázquez et al. v. Colón Peña et al.,* supra, págs. 1149-1150; *Blassino, Reyes v. Reyes Blassino,* supra, págs. 833-834.
[24] *Íd.*
[25] *Eagle Security v. Efrón Dorado et al.,* supra, pág. 83 (citando a *Montañez v. Hosp. Metropolitano,* 157 DPR 96, 104 (2002)).

las que han renunciado las partes. Es decir, el tribunal no puede actuar como abogado del demandado".[26]

**B.**

La Regla 16.1 de las de Procedimiento Civil establece que las personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas, según corresponda.[27] Una parte indispensable es aquella de la cual no se puede prescindir y cuyo interés en la controversia de que trate es de tal magnitud que no puede dictarse un decreto final entre las otras partes sin lesionar y afectar radicalmente sus derechos.[28] La jurisprudencia ha precisado que la omisión de una parte indispensable, aunque podría ser motivo para desestimar el pleito, no constituye impedimento para que el tribunal pueda conceder la oportunidad de traer a la parte originalmente omitida, siempre y cuando el tribunal pueda adquirir jurisdicción sobre la misma. Sobre ese particular, el tratadista Rafael Hernández Colón afirma que, antes de desestimar por la falta de una parte indispensable, el tribunal debe concederle al demandante la oportunidad de añadirla al pleito si tiene jurisdicción sobre la misma.[29] En caso de que se le ordene la acumulación y esta no se lleve a cabo, se debe desestimar la demanda.

**III.**

En el caso de marras, debemos resolver si procedía o no desestimar la demanda por falta de parte indispensable.

Del trámite procesal del caso, se desprende que, a la luz de lo argumentado por las partes en sus correspondientes escritos, el TPI determinó que no procedía la desestimación del pleito por falta de

---

[26] *Álamo v. Supermercado Grande, Inc.,* 158 DPR 93, 105 (2002), n. 10; véase *Presidential v. Transcaribe* 186 DPR 263 (2012).
[27] 32 LPRA Ap. V, R. 16.1.
[28] *FCPR v. ELA et al.,* 211 DPR 521, 530-531 (2023).
[29] R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil,* 4ta ed., San Juan, LexisNexis, 2007, pág. 141.

parte indispensable. Esto debido a que determinaría la procedencia de la inclusión del resto de las asociaciones durante el transcurso ordinario del pleito y luego de que las codemandadas se expresaran sobre los remedios vigentes. Además, reiteró que la desestimación no ha de ser la consecuencia inicial al faltar una parte indispensable, dado a que la demanda es enmendable y disponer de la reclamación es altamente oneroso para las demandantes.

Inconforme, PHA planteó que los derechos de los residentes representados por las asociaciones omitidas serían vulnerados con la remoción de la señora Ramírez del cargo y la declaración de la nulidad de sus acciones durante su presidencia de la asociación. Ello porque las operaciones de PHA inciden sobre las áreas comunes de las once (11) urbanizaciones que comprenden a Los Paseos y porque sus representantes escogen a la Junta de Directores de esta asociación.

Como es conocido, la desestimación de las alegaciones es una sanción drástica que no debe utilizarse como mecanismo primario ante una indebida acumulación de partes. La falta de parte indispensable, o aquella que tiene un interés genuino en una disputa, es una omisión *subsanable* a través de la enmienda a la demanda. Sería un castigo desproporcional desestimar la reclamación de las apeladas por falta de parte indispensable. Así lo reconoce el propio TPI en su *Sentencia Parcial*.[30]

Igualmente, es imperativo destacar que el propio foro apelado hizo alusión al hecho de que determinaría si procedía la inclusión del resto de las asociaciones durante el transcurso ordinario de los procedimientos. Resultaría prematura y radical la desestimación del pleito en esta etapa.

---

[30] *Sentencia Parcial*, SUMAC en el caso SJ2025CV05854, entrada 38, pág. 13.

Por lo cual, colegimos que el foro primario no incidió en su determinación de continuar el pleito luego de haberle ordenado a las señoras Ávila y Mojica acumular a la asociación ligada a Las Vistas por ser parte indispensable, cuya representante es la señora Ramírez. Consecuentemente, confirmamos la fundamentada *Sentencia Parcial* apelada.

**IV.**

En virtud de lo anterior, se confirma la *Sentencia Parcial* apelada.

**Notifíquese.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones